IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| ROBERT KENNETH STAPLES., JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12cv477 (JCC/IDD) |
| | ) | |
| GUARDIAN AUTO GLASS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GLASS AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12cv484 (JCC/IDD) |
| | ) | |
| GUARDIAN AUTO GLASS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

In these related actions, Defendant Guardian Auto Glass, LLC ("Guardian" or "Defendant") filed Motions to Dismiss or, in the Alternative, Stay.  [Dkt. 4.][1]  For the following reasons, the Court will grant Defendant's Alternative Motions to Stay and deny Defendants' Motions to Dismiss without prejudice.

**I. Background**

    A.    Factual Background

---

[1] Unless otherwise noted, the references to docket numbers in this Memorandum Opinion and Order refer to filings in both cases.  References to docket numbers and filings in only one of the cases will be noted by that case's case number.

1

Plaintiff Robert Staples ("Staples") is a former employee of Guardian, who worked at a company location in Ashland, Virginia. (Compl. [*See* Dkt. 1] ¶ 4; Ex. B ("Cease and Desist Letter") at 1.) On November 11, 2010, Staples signed an Employment Agreement, which included a non-compete provision (the "Non-Compete Agreement") that forms the basis for these cases. (Compl. ¶ 5.) The Non-Compete Agreement precludes employees exposed to confidential information from working for a competitor within a 100-mile radius of any company location where the employee worked for a period of six months after termination. (Compl. ¶ 7; Ex. A ("Employment Agreement") Amendment ¶ 9(a).) The Employment Agreement also contains a choice of law clause, which provides that the agreement "will be governed, construed and interpreted" according to the laws of Michigan and that "any legal proceeding in connection with the enforcement of th[e] [a]greement may be brought in" Michigan courts. (Employment Agreement ¶ 11.)

Staples resigned from Guardian on March 27, 2012, and commenced employment with a competitor, Plaintiff Glass America, Inc. ("Glass America") on April 2, 2012. (Compl. ¶¶ 2, 4.) Staples accepted employment at Glass America locations, which lie within the prohibited area set forth in the Non-Compete Agreement. (Compl. ¶¶ 2, 8.)

2

On April 2, 2012, Guardian's counsel sent a cease and desist letter to Staples and copied Glass America. (Compl. ¶ 9.) The letter informed Staples that it was Guardian's "intention to immediately file an action in the courts of Michigan to enforce its rights" under the Employment Agreement. (Cease and Desist Letter at 2.) The letter further stated that unless Guardian received Staples' signed acknowledgement by the close of business April 3, 2012, "[it] w[ould] have no choice but to continue the appropriate legal action." (Cease and Desist Letter at 3.)

B. Procedural Background

On April 4, 2012, Staples filed a single-count action for declaratory relief in Fairfax County Circuit Court. (*See* 1:12cv477 [Dkt. 1].) Later that day, Guardian filed a complaint for injunctive relief and breach of contract against Staples in Oakland County Circuit Court in Michigan (the "Michigan action"). Guardian sought immediate *ex parte* relief in the form of a temporary restraining order. Instead, the Oakland County Circuit Court issued a show cause order and scheduled a hearing for April 11, 2012. Staples was personally served with a copy of the complaint and the show cause order in the Michigan action on April 6, 2012. On April 9, 2012, Glass America, represented by Staples' counsel in Virginia, filed a single-count action for

declaratory relief in Fairfax County Circuit Court, which mirrored the one filed by Staples. (*See* 1:12cv484 [Dkt. 1].)

Staples, who was represented by counsel in Virginia and Michigan, did not attend the show cause hearing or otherwise oppose Guardian's motion for preliminary injunctive relief in the Michigan action. The Oakland County Circuit Court held a hearing on April 11, 2012 and entered a preliminary injunction ordering Staples to comply with the post-termination obligations imposed on him in the Employment Agreement. Staples was also ordered to return all documents and confidential information belonging to Guardian within three business days.

On April 23, 2012, Staples removed the Michigan action to federal court. *See Guardian Auto Glass, LLC v. Staples*, No. 12-cv-11813 (E.D. Mich. filed Apr. 23, 2012). He filed an answer to Guardian's complaint on April 30, 2012. The case is currently pending in the Eastern District of Michigan.

Guardian, in turn, removed Staples' declaratory judgment action to this Court on April 27, 2012. (1:12cv477 [Dkt. 1].) Three days later, Guardian removed Glass America's declaratory judgment action as well. (1:12cv484 [Dkt. 1].) Guardian filed Motions to Dismiss or, in the Alternative, Stay in Staples' declaratory judgment action on May 4, 2012, and in Glass America's declaratory judgment action on May 7, 2012. [Dkt. 4.] Staples filed an opposition on May 14, 2012, while

4

Glass America filed an opposition on May 18, 2012. [Dkt. 6.] Guardian filed a reply to Staples' opposition on May 17, 2012 (1:12cv477 [Dkt. 7]) and to Glass America's opposition on May 24, 2012 (1:12cv484 [Dkt. 9]). The Court held oral argument on June 8, 2012.

Guardian's Motions are before the Court.

## II.  Standard of Review

The Declaratory Judgment Act (the "DJA") provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Since its inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. The Fourth Circuit has likewise recognized that "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (citations and internal quotations omitted). The court's discretion must be informed by considerations of federalism, efficiency, and comity. *Nautilus*

5

*Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994), *abrogated on other grounds by Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257-58 (4th Cir. 1996).

### III. Analysis

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). In particular, "[t]rial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

Whether it is proper to stay or dismiss a case often turns upon whether the questions presented in parallel proceedings are identical. *See State Farm Life Ins. Co. v. Bolin*, No. 5:11-cv-1, 2011 WL 1810591, at *2 (W.D.N.C. May 11, 2011). The parties concede that the issues in these cases and the Michigan action are the same -- namely, whether the Non-Compete Agreement is enforceable.

Plaintiffs argue that the Court should nevertheless deny Guardian discretionary relief because it comes before the

Court with unclean hands. First, Plaintiffs point out that Guardian did not provide Staples' counsel with the order to show cause in the Michigan action. According to Plaintiffs, this was an attempt to improperly obtain an *ex parte* preliminary injunction. Contradicting this assertion is the fact that Guardian personally served the order to show cause on Staples on April 6, 2012, five days before the hearing. (*See* Reply (1:12cv477) [Dkt. 7] Ex. A.) Plaintiffs' complaint that Staples' counsel was not served also rings hollow given that Staples' counsel refused to accept service on Staples' behalf the same day Staples was personally served. (*See* Reply (1:12cv477) [Dkt. 7] Ex. B.)

Next, Plaintiffs contend that Guardian filed suit in Michigan as a dilatory tactic designed to "run out the clock" on the Non-Compete Agreement's six month duration.[2] However, Guardian's decision to file suit in Michigan is not surprising given the forum selection clause in Staples' Employment Agreement selecting Michigan courts. Moreover, Guardian maintains its principal place of business in Worthington, Ohio, which is closer to Michigan than Virginia, and Guardian's parent has its principal place of business in Michigan. As such, the

---

[2] In this vein, it is worth noting that Guardian was not in any way assured that the Michigan court would grant its motion for a preliminary injunction. Rather, the preliminary injunction was granted after Staples failed to file an opposition or appear at the show cause hearing. While Staples contends that he overlooked the show cause order that was served on him, he had not, at the time of oral argument, moved for reconsideration of or appealed the preliminary injunction.

7

Court is not persuaded that Guardian's sole purpose for filing suit in Michigan was delay.[3]

Lastly, Plaintiffs assert that while seeking a preliminary injunction in the Michigan action Guardian failed to inform the Oakland County Circuit Court of the pending declaratory judgment action filed by Glass America. However, Guardian's counsel represents that during the show cause hearing, Judge O'Brien of the Oakland County Circuit Court was advised of Staples' declaratory judgment action in Virginia. (Reply (1:12cv477) Ex. C ("Yee Aff.") ¶ 4.) Judge O'Brien was given copies of the Virginia pleadings, which he reviewed, and took a recess to call the Fairfax County Circuit Court in order to speak with the assigned judge. (Yee Aff. ¶¶ 5-6.) In light of these representations, it does not appear that Guardian acted in bad faith at the show cause hearing. In short, Plaintiffs' argument is heavy on rhetoric but light on substance. As such, the Court rejects Plaintiffs' argument that discretionary relief is unwarranted due to Guardian's unclean hands.

Under the circumstances, the Court finds that sound judicial administration counsels in favor of a stay.[4] In

---

[3] As Plaintiffs point out, Guardian seeks the return of confidential information in the Michigan action, which would seem to make delay contrary to its interests. Because Guardian chose to litigate in Michigan, a slower court, Plaintiffs question whether Guardian "in good faith actually want[s] such documents." (Opp. (1:12cv477) [Dkt. 6] at 14.) However, Plaintiffs' reasoning begs the question by assuming without basis that delay was Guardian's sole motive for filing in Michigan and ignoring possible motives that might outweigh a desire for expediency.

particular, the Court notes that the Michigan action is more procedurally advanced than the declaratory judgment actions pending in this Court. A preliminary injunction is presently in place in the Michigan action and Staples has filed an answer and asserted affirmative defenses. Moreover, a fully briefed motion to transfer venue is currently pending in the Michigan action, which is set for hearing on July 11, 2012. In that motion, Staples seeks to have the case transferred from the Eastern District of Michigan to this Court. If the motion to transfer venue is granted, the issues raised in Guardian's Motions concerning parallel proceedings will be rendered moot. Indeed, Staples and Glass America have indicated a willingness in their opposition briefs to voluntarily dismiss these cases should the Michigan action be transferred. As such, the Court finds it prudent to deny Guardian's Motions to Dismiss without prejudice but grant its Alternative Motions to Stay. This result promotes judicial economy and avoids the possibility of conflicting rulings. The Court hereby stays these cases pending

---

[4] The Court recognizes that Staples' declaratory judgment was filed first, a fact that normally weighs in favor of allowing a suit to proceed. However, as the Supreme Court has noted, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems [parallel proceedings]." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *see also State Farm*, 2011 WL 1810591, at *2 ("'[F]irst to file' rule is not rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration") (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.3d 93, 95 (9th Cir. 1982)).

a decision by the Eastern District of Michigan on Staples' motion to transfer venue.

### IV. Conclusion

For these reasons, the Court will deny without prejudice Defendant's Motions to Dismiss and grant Defendant's Alternative Motions to Stay.

An appropriate Order will issue.

|  |  |
|---|---|
| June 14, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |